

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 5, 1997

The Honorable Fred Hill
Chair, Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-434

Re: Whether public housing authorities may administer federal housing assistance program involving payment of rent outside of their geographical boundaries (RQ-710)

Dear Representative Hill:

You ask whether public housing authorities established under chapter 392 of the Local Government Code have authority to administer federal housing assistance programs outside of their area of operation. Your question arises because the San Antonio Housing Authority and the Bexar County Housing Authority administer a housing assistance program that involves dwelling units within the City of Balcones Heights, a general law city in Bexar County incorporated in the 1940s and now surrounded by the City of San Antonio.

Housing authorities were established under state law to provide low income housing in conjunction with provisions of the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq.*[1] State law permits an authority to "prepare, carry out, acquire, lease, and operate a housing project in its area of operation,"[2] and to borrow money or accept grants or other financial assistance from the federal government for a housing project in its area of operation and comply with conditions necessary to receive the assistance.[3] State law also establishes an "area of operation" for both municipal and county housing authorities. For a municipal housing authority, it is the municipality for which it was created and the area within five miles of the municipality's territorial boundaries that is not within the territorial boundaries of another municipality,[4] while for a county housing authority it is the county in which the housing authority was created, excluding the parts of the county within the territorial boundaries of a municipality.[5]

---

[1]Local Gov't Code § 392.052(f).

[2]*Id.* § 392.052(a).

[3]*Id.* § 392.052(f)(1), (3).

[4]*Id.* § 392.014.

[5]*Id.* § 392.015.

A brief submitted on behalf of Balcones Heights states that the Bexar County Housing Authority and the San Antonio Housing Authority are both operating within the boundaries of Balcones Heights by administering the federally funded "section 8" housing assistance program. "Section 8" refers to a section of the revised United States Housing Act, 42 U.S.C. § 1437f,[6] which authorizes housing assistance payments with respect to existing housing. You are specifically concerned about the "portability" of housing assistance payments as authorized by section 1437f(r) of title 42.[7] This section provides in part:

> (1) Any family assisted under subsection (b) or (o)[8] of this section may receive such assistance to rent an eligible dwelling unit if the dwelling unit to which the family moves is within the same State, or the same or a contiguous metropolitan statistical area as the metropolitan statistical area within which is located the area of jurisdiction of the public housing agency approving such assistance . . . .[9]

> (2) The public housing agency having authority with respect to the dwelling unit to which a family moves under this subsection shall have the responsibility of carrying out the provisions of this subsection with respect to the family. *If no public housing agency has authority with respect to the dwelling unit to which a family moves under this subsection, the public housing agency approving the assistance shall have such responsibility.* [Emphasis and footnotes added.]

The City of Balcones Heights has not established a public housing agency, and no public housing agency has authority with respect to dwelling units within its boundaries.

You argue that the San Antonio and Bexar County Housing Authorities are acting outside of their areas of operation designated by state statute when they administer assistance payments used to rent dwelling units in the City of Balcones Heights, and that they are not authorized to implement this program within the city limits of Balcones Heights. A brief received from the San Antonio Housing Authority argues that federal law preempts state law and that the San Antonio and Bexar

---

[6]Section 8 was added to the Housing Act of 1937 in 1974. Pub. L. No. 93-383, tit. II, § 201(a), 88 Stat. 662 (codified as amended at 42 U.S.C. § 1437f (1974)).

[7]"Portability" allows a housing subsidy provided by a housing authority to a low-income family to be used when the family moves out of the housing authority's jurisdiction. *See Williams v. Hanover Hous. Auth.*, 871 F. Supp. 527, 529 (D. Mass. 1994).

[8]Subsections (b) and (o) of section 1437f, title 42 of the United States Code, authorize the provision of housing assistance through rental certificates and rental vouchers, respectively.

[9]An exception provides that a family not living within the jurisdiction of a public housing agency when it applies for assistance must use the assistance to rent a dwelling unit located within the jurisdiction served by the housing agency during the 12-month period beginning with the receipt of assistance. 42 U.S.C. § 1437f(r)(1); *see also* 24 C.F.R. § 982.354(b).

County Housing Authorities are both authorized by section 1437f(r)(2) of title 42 to administer its provisions within the City of Balcones Heights.[10]

A rule on section 8 tenant-based assistance promulgated by the Department of Housing and Urban Development expressly states that the federal law preempts limits on a housing authority's jurisdiction established under state law.[11] The rule, to be codified at section 982.354 of title 24 of the Code of Federal Regulations, provides in part:

> (a) When a family moves under portability . . . to an area outside the initial[12] HA [Housing Agency] jurisdiction, the initial HA must administer assistance for the family if:
>
> > (1) The unit is located within the same State as the initial HA . . . ; and
>
> > (2) No other HA with a tenant-based program has jurisdiction in the area where the unit is located.
>
> (b) In these conditions, the family remains in the program of the initial HA. The initial HA has the same responsibilities for administration of assistance for the family living outside the HA jurisdiction as for other families assisted by the HA, within the HA jurisdiction. *For the purpose of permitting HA administration of program assistance for the family in the area outside of the HA jurisdiction as defined by State and local law (and thereby to satisfy the family's right to portability under federal law), the federal law and this regulation preempt limits on the HA jurisdiction under State and local law.* [Emphasis and footnote added.]

State law is preempted under the Supremacy Clause of the United States Constitution[13] when Congress, in enacting a statute, has expressed a clear intent to preempt state law.[14] "Federal

---

[10]The brief of the San Antonio Housing Authority also claims that the Housing Authority of Bexar County administers its section 8 program within the city limits of San Antonio without the permission of the San Antonio Housing Authority and that this activity contravenes state law. This matter is not before us.

[11]60 Fed. Reg. 34707 (1995) (to be codified at 24 C.F.R. § 982.354).

[12]The "initial HA" in portability is "[a]n HA that originally selected a family that subsequently decides to move out of . . . [its] jurisdiction," or an HA that "absorbed a family that subsequently decides to move out of the jurisdiction of the absorbing HA." 60 Fed. Reg. 34697 (1995) (to be codified at 24 C.F.R. § 982.4).

[13]U.S. Const. art. VI, cl. 2.

[14]*English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990), *aff'd*, 977 F.2d 572 (4th Cir. 1992). State law is also preempted when it is clear, despite the absence of explicit preemptive language, that Congress has intended, by legislating comprehensively, to occupy an entire field of regulation and has left no room for the states to act, and when state law actually

(continued...)

regulations have no less preemptive effect than federal statutes."[15] We presume that the federal rule in question is valid.[16] Accordingly, pursuant to the above regulation, the San Antonio Housing Authority and the Bexar County Housing Authority may administer housing assistance under the portability program for a dwelling unit in the City of Balcones Heights.

## S U M M A R Y

The San Antonio Housing Authority and the Bexar County Housing Authority were established under Local Government Code chapter 392 to provide low-income housing pursuant to the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq.* Pursuant to the federal provision for "portability" of housing subsidies, 42 U.S.C. § 1437f(r), the two housing authorities may administer housing assistance with respect to dwelling units in the City of Balcones Heights, even though Balcones Heights is outside of their areas of operation. To the extent that state law limitations on the jurisdiction of the housing authorities would prevent them from administering this program with respect to units in Balcones Heights, the state law is preempted by a federal regulation.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

---

[14](...continued)
conflicts with federal law. *Id.*

[15]*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152-53 (1982); *Caro v. Housing Auth. of the City of Austin,* 794 S.W.2d 901, 906 (Tex. App.--Austin 1990, writ denied).

[16]2 AM. JUR. 2D *Administrative Law* § 160 (1994). Administrative rules and regulations are presumed to be valid. *See Fidelity,* 458 U.S. at 153-54 (limited nature of federal court's inquiry with respect to regulations intended to preempt state law); *Alabama Nursing Home Ass'n v. Harris,* 617 F.2d 388, 393 (5th Cir. 1980).